IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**Brandon Mitchell Layton**                                           PLAINTIFF

V.                          NO. 5:07-CV-05014-JLH

LARRY NORRIS                                                          DEFENDANT

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**Brandon Mitchell Layton**, an inmate of the Arkansas Department of Corrections, brings this self-prepared habeas corpus petition under 28 U.S.C. Section 2254. The petition was provisionally filed by Order (Doc. 2) entered on January 17, 2007. The petitioner was given until February 9, 2007 to pay the filing fee or complete the IFP form.

The petitioner has failed to pay the filing fee as ordered or to complete and return the IFP form by the date ordered by the court.

From the petition it appears that the Petitioner pleaded guilty to three counts of delivery of a controlled substance and one count of possession of a controlled substance with intent to deliver. The Petitioner was sentenced to thirty years in the Arkansas Department of Correction with an additional ten years suspended. (Doc. 1, paragraph 3)

When the Petitioner completed the form for the writ of Habeas Corpus he did not indicate that there were any grounds for the petition. The space on the form to insert the grounds has been left blank. (Doc. 1, paragraph 12)

At the end of the petition form the petitioner claims that the relief that he is requesting is "a lesser sentence because I believe I was given a unfair plea on my first felony conviction."

The law of this circuit "requires that the applicant for a writ of habeas corpus refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional

case, or a state case raising a pertinent constitutional issue" in state court before we will evaluate a claim. **_Kelly v. Trickey,_ 844 F.2d 557, 558 (8th Cir.1988)** (internal quotations omitted); **Ford v. Norris**, 364 F.3d 916 (2004)

Based on the above, I recommend that the instant petition be dismissed without prejudice for failure to prosecute. **The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 28th day of March 2007.

/s/ J. Marschewski
Honorable James R. Marschewski
United States Magistrate Judge